DAVID B. BARLOW, United States Attorney (#13117)
MARK Y. HIRATA, Assistant United States Attorney (# 5087)
JENNIFER R. LARAIA, Special Assistant United States Attorney
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah  84111
Telephone:  (801) 524-5682

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| JOHN GAURUDER,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No.     2:12-CV-00719-CW<br><br>MEMORANDUM OF LAW IN OPPOSITION<br>TO SECTION 2255 PETITION<br><br><br>Judge Clark Waddoups |

<u>INDEX OF EXHIBITS</u>

Exhibit A                                Transcript of June 16, 2009 Hearing

Exhibit B                                Transcript of September 11, 2009 Hearing

Exhibit C                                Transcript of September 25, 2009 Hearing

Exhibit D                                Transcript of December 11, 2009 Hearing

Exhibit E                                Transcript of December 17, 2009 Hearing

Exhibit F                                Transcript of March 29, 2010 Hearing

Exhibit G                                Transcript of January 6, 2010 Hearing

Exhibit H                                Transcript of <u>Daubert</u> Hearing Excerpts

<u>PRELIMINARY STATEMENT</u>

The government respectfully submits this memorandum in opposition to defendant John Gauruder's petition for a writ of <u>habeas</u> <u>corpus</u> pursuant to Title 28, United States Code, Section 2255.  Defendant Gauruder is serving a term of imprisonment of 42 months, following his conviction after trial on one count of evasion of payment of income tax.  Defendant Gauruder, represented by counsel, brought a direct appeal, raising issues regarding (1) the computation of time pursuant to the Speedy Trial Act and (2) tax loss for sentencing purposes.  After oral argument, the Tenth Circuit denied the defendant's claims, and affirmed his conviction and sentence.  <u>United States v. Gauruder</u>, No. 10-4222, 461 Fed. Appx. 784 (10th Cir. Feb. 21, 2012) (unpublished).

In the instant petition[1] ("Defendant's Petition") defendant John Gauruder claims that his counsel, who represented him both at trial and for his appeal, rendered ineffective assistance during oral argument before the Tenth Circuit with respect to the Speedy Trial Act issue.  The defendant claims that, but for counsel's flawed argument, the Tenth Circuit would have ruled in his favor on the Speedy Trial Act claim.  The Speedy Trial Act issue, previously raised before this Court, lacks merit and the defendant's petition should be dismissed without a hearing.

<u>STATEMENT OF FACTS AND PROCEDURAL HISTORY</u>

I.    <u>Overview</u>

Defendant John Gauruder, who had a long history of using tax avoidance schemes, knew that he had a substantial tax debt and that his largest asset, his home, would be foreclosed to satisfy that tax debt.  He caused a sham transfer of his home to "The Order of Tranquility,"

---

[1] Doc. No. 2 of Docket No. 2:12-cv-00719-CW.

which purported to be a religious order lead by the "patriarch," co-defendant Rulon DeYoung. The Order of Tranquility, for defendant John Gauruder, was merely a tool to obscure his ownership and control over his home and to hide his assets.  On October 16, 2002, defendant John Gauruder caused his wife, co-defendant Jana Gauruder to transfer title to the Gauruder family home from High Tetons, a Trust, to The Order of Tranquility.  At around the same time, the Gauruders opened a bank account in the name of The Order of Tranquility to pay for household expenses.  After this transfer, the Gauruders continued to use the home just as they had before.  Defendant John Gauruder's tax debt, including interest and penalties, was $1,234,609, including relevant conduct.  For this conduct, the defendant was charged with one count of evasion of payment of income tax in violation of 26 U.S.C. § 7201 for 1995 through 2001.  Although defendant John Gauruder was charged via a superseding indictment along with defendants Rulon DeYoung and Jana Gauruder, he alone proceeded to trial on May 10, 2010. Defendant John Gauruder was convicted on May 13, 2010.

II.    Superseding Indictment

On September 3, 2008, a grand jury sitting in the District of Utah returned a superseding indictment which charged John Gauruder with one count of tax evasion in violation of 26 U.S.C. § 7201.  See Crim. Doc. No. 4.  The superseding indictment also charged co-defendant Rulon DeYoung with four counts of tax evasion and one count of corrupt interference with the due administration of the Internal Revenue laws.  The superseding indictment further charged co-defendant Jana Gauruder with tax evasion in the same count as defendant John Gauruder.

III.    Continuances and Pretrial Background

Trial in this matter was initially set for December 1, 2008, but was continued a number of

times.  See Crim. Doc. Nos. 61, 102, 128, 200, 224, 329.  Defendants John Gauruder and Rulon

DeYoung were joined for trial until DeYoung plead guilty to all counts of the superseding

indictment on May 5, 2010.[2]  Defendant John Gauruder's representation status varied.  He was

initially appointed counsel pursuant to the Criminal Justice Act ("CJA").  Attorney James Garrett

was appointed to represent the defendant, but the defendant later elected to proceed pro se.

Then, on the eve of the scheduled trial, defendant John Gauruder retained Attorney Mustafa

Derkunt, who later withdrew from the case as a result of a suspension by the Texas State Bar.

Ultimately, Attorney Garrett represented defendant John Gauruder at trial.  Trial proceeded, for

defendant John Gauruder alone, on May 10, 2010.[3]

IV.    Trial

On May 10, 2010, Your Honor presided over the jury selection for defendant John

Gauruder's trial.  After the jury selection, a Daubert hearing was conducted concerning the

proposed defense expert.  On May 11, 2010, opening statements and evidence commenced.

In short, the evidence established that defendant John Gauruder knew he owed a

substantial amount of tax.  Defendant John Gauruder had been previously convicted of tax

evasion by the State of Utah, based upon his participation in a trust scheme promoted by Gary

DeMott and Miken Powell, both of whom were convicted in the District of Idaho.  Defendant

---

[2] DeYoung plead guilty to four counts of tax evasion in violation of 26 U.S.C. § 7201 and
one count of corrupt interference with the due administration of the Internal Revenue laws in
violation of 26 U.S.C. § 7212(a).

[3] Defendant Jana Gauruder's case was severed from that of her co-defendants on
September 10, 2009.  She plead guilty to a superseding misdemeanor information on August 31,
2010.

John Gauruder was contacted by a revenue officer with the Internal Revenue Service, who was assigned to collect his tax debts.  The revenue officer, Nancy Phillips, testified that although defendant John Gauruder initially seemed willing to engage with the system, he began sending letters espousing tax protest rhetoric.  Ms. Phillips further testified that she sent responses, including a letter informing the defendant that federal courts had consistently ruled against the very arguments he was making.  Instead of working with Ms. Phillips to resolve his tax issues, the defendant instead approached Rulon DeYoung, and caused Jana Gauruder to transfer title of the Gauruder home from High Tetons, a Trust to The Order of Tranquility.  Rulon DeYoung held himself out as the "patriarch" of The Order of Tranquility.  In an affidavit, John Gauruder acknowledged that he caused his wife to sign over the home to The Order of Tranquility.  (Crim. Doc. No. 486 at 5, referring to Plaintiff's Exhibit 33-2, at 2).  Moreover, the Gauruders opened a bank account in the name of The Order of Tranquility to pay household expenses.  Despite the transfer, the Gauruders continued to live in the home and to exercise control over it.  The purpose of the transfer of title to the home and the use of the bank account titled in the name of The Order of Tranquility was to obscure ownership and to prevent the IRS from seizing assets to collect on defendant John Gauruder's tax debt.

On May 13, 2010, the jury found the defendant guilty of tax evasion.

V.      Sentencing

On December 14, 2010, a sentencing hearing was conducted in this case.  This Court determined that the tax loss attributable to the defendant was $1,234,609 and sentenced the defendant to 42 months of imprisonment.

VI.   Appeal

Attorney James Garrett represented the defendant on his appeal to the Tenth Circuit.  On appeal, the defendant raised two issues: (1) that the Court committed error when it denied his pretrial motions to dismiss his indictment due to a violation of the Speedy Trial Act; and (2) that the Court should not have relied upon the tax loss proved at sentencing, and the issue should have instead been decided by the jury.  With respect to the Speedy Trial Act issue, in his opening brief, counsel argued that five[4] continuances, moving the trial from June 26, 2009 and ultimately to May 10, 2010, were improper under United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009).[5]  The Tenth Circuit panel heard oral argument.  At oral argument, counsel conceded that the five continuances identified in his opening brief were proper.  He focused instead upon a claim that there were 234 non-excludable days.[6]  However, counsel failed to identify where in the record such a contention was supported.  Thereafter, the Tenth Circuit panel issued an order dated February 21, 2012, affirming the judgment of this Court and rejecting both arguments advanced by the defendant.  See United States v. Gauruder, No. 10-4222, 461 Fed. Appx. 784 (10th Cir. Feb. 21, 2012) (unpublished).

---

[4] Defendant John Gauruder and his counsel referred to these continuances as six continuances, although two documents cover the period from October 27, 2009 to January 26, 2010.  See Exhibit to Defendant's Petition; Appellate Brief at 7.

[5] In a separate, related appeal, Rulon DeYoung argued that the time period between the initial appearance on September 28, 2008 and a motions hearing on July 22, 2009 was not properly excluded.  The Tenth Circuit rejected that argument, and affirmed this Court's denial of a motion to dismiss.  See United States v. DeYoung, No. 10-4157, 414 Fed. Appx. 143 (10th Cir. Feb. 23, 2011) (unpublished).

[6] The government has obtained an audio recording of the oral argument.  Upon request, a copy may be provided to the Court via electronic mail.

VII.   The Instant Petition

In Defendant's Petition at 2, defendant John Gauruder claims that counsel was ineffective during oral argument before the Tenth Circuit, which caused the panel to reach an erroneous conclusion.  The defendant's direct appeal was premised upon an argument that time was not properly excluded under the Speedy Trial Act, 18 U.S.C. § 3161, and that trial did not properly commence within 70 non-excludable days from the date of the initial appearance.  According to the Defendant's Petition, counsel should have maintained the argument that the time was not properly excluded on six continuances which moved the trial from June 26, 2009 to May 10, 2010, and was ineffective for not following through on that argument.[7]  The defendant claims that, after July 23, 2009, only 52 non-excludable days elapsed, out of the 286 days to trial.  See Defendant's Petition, at 5 and Exhibit to Defendant's Petition.

ARGUMENT

I.   Applicable Statute of Limitations

28 U.S.C. § 2255(f)(1) provides that a motion under this section must be made, except under other limited circumstances, within 1 year after the conviction becomes final.  A conviction becomes final "where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed . . ."  Allen v. Hardy, 478 U.S. 255, 258 n. 1 (1986) (citation and quotations omitted); Clay v. United States, 537 U.S. 522, 526 (2003) (agreeing with circuits holding that "§ 2255's one-year limitation period begins to run when the defendant's time for seeking review by this Court expires.").  See also Cordova-

---

[7] The defendant concedes that time between September 23, 2008 and July 23, 2009 was properly excluded due to pending motions.  See Defendant's Petition, at 5.

Lima v. United States, Nos. 06-40084-JAR, 10-4040-JAR, 2011 WL 346093, at *2 (D. Kan. Feb. 2, 2011) (unpublished) ("if petitioner does not petition the United States Supreme Court for a writ of certiorari after direct appeal, his judgment of conviction is considered final–for purposes of the limitations period in 28 U.S.C. § 2255(f)–when the time for seeking certiorari review has expired.").

Here, the defendant was convicted on May 13, 2010, and the Tenth Circuit rejected his appeal on February 21, 2012. Based upon a review of the record, the defendant did not file a petition for a writ of certiorari, and the time for such a petition elapsed as of May 21, 2012. See Sup. Ct. R. 13 ("petition for a writ of certiorari to review a judgment in any case . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). The defendant's conviction became final in May 2012, and the Defendant's Petition was filed on July 23, 2012, less than a year after the conviction became final.

II.      Other Federal Remedies

Pursuant to Rule 5(b) of the Rules Governing § 2255 Proceedings for the United States District Courts, the government states, based upon a review of the record, that the defendant has not utilized other federal remedies (save for his direct appeal) or made any previous petitions. While the defendant did not make a petition for a writ of certiorari to the Supreme Court, that does not preclude him from bringing a petition pursuant to section 2255. See, e.g., Clay, 537 U.S. at 526. The Defendant's Petition is the first brought pursuant to § 2255, and as such, no evidentiary hearings have been conducted. Limitations on successive petitions (see section 2255(h)) do not apply. While, in general, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice," ineffective assistance of

counsel claims are not procedurally barred for failure to raise the issue on direct appeal.  United States v. McGee, Nos. 00-CR-0105-CVE, 03-CV-0885-CVE-FHM, 2007 WL 582395, at *2 n. 4 (N.D. Okla. Feb. 20, 2007) (unpublished).  Here, the issue pertains to appellate counsel, an issue that could not have been raised on initial appeal.

III.   Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance, measured by "an objective standard of reasonableness," was "deficient" and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986).  "[T]here is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Bullock v. Carver, 297 F.3d 1036, 1046 (10th Cir. 2002) (citation and quotations omitted).

In addition to showing that counsel's performance was constitutionally deficient, the defendant must also show a reasonable probability that, absent counsel's unprofessional errors, the outcome of the proceeding would have been different. Kimmelman, 477 U.S. at 381. Indeed, the "ultimate focus of inquiry must be on the fundamental fairness of the proceeding" and concerns "whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process . . ." Strickland, 466 U.S. at 696.

"In evaluating a claim of ineffective assistance of appellate counsel, this Court applies the <u>Strickland</u> two-pronged standard used for claims of ineffective assistance of trial counsel." <u>Johnson v. Sirmons</u>, No. 04-CV-724-JHP-PJC, 2009 WL 789683, at *5 (N.D. Okla. Mar. 23, 2009) (unpublished) (dealing with section 2254 petition).  Accordingly, "[w]hen a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. . . .  If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. . . . If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial." <u>Id.</u> (citations omitted).  <u>See also</u> <u>Hawkins v. Hannigan</u>, 185 F.3d 1146, 1152 (10th Cir. 1999).  "The Sixth Amendment does not require appellate counsel to raise every nonfrivolous argument on appeal."  <u>Gilmore v. Ward</u>, No. 04-6372, 138 Fed. Appx. 124, 127 (10th Cir. June 29, 2005) (unpublished).  In <u>Holt v. Dinwiddie</u>, No. 04-CV-0491-CVE-PJC, 2008 WL 4372806, at *4 (N.D. Okla. Sept. 18, 2008) (unpublished), the court explained that if an issue is omitted on appeal, and the court finds the issue to have merit, the court "must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial."  Accordingly, "[t]he relevant questions for assessing a petitioner's claim of ineffective assistance of appellate counsel are whether appellate counsel was 'objectively unreasonable' in failing to raise the omitted claims on appeal and, if so, whether there is a 'reasonable probability that, but for his counsel's unreasonable failure' to raise the claims, petitioner 'would have prevailed on his appeal.'" <u>Id.</u> (citations omitted).  <u>See also</u> <u>Scoggin v. Kaiser</u>, 186 F.3d 1203, 1206 (10th Cir. 1999) ("To prevail on a claim of ineffective assistance of trial or appellate counsel, a habeas petitioner must affirmatively show (1) that

11

counsel's performance was deficient or, in other words, 'fell below an objective standard of reasonableness,' and (2) that counsel's errors prejudiced petitioner, that is to say, 'were so serious as to deprive petitioner of a fair trial whose result is unreliable.'") (citation omitted). "Because the purpose of the Sixth Amendment's right to counsel clause is to ensure that a criminal defendant receives a fair trial, '[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the . . . [proceedings] cannot be relied on as having produced a just result.'" Id. at 1206-7 (citation omitted).  In Scoggin, the Tenth Circuit assumed deficient performance where appellate counsel failed to raise the issue of erroneous jury instructions, and determined that there was no prejudice as there was "*no* 'reasonable probability' . . . that the erroneous jury instructions affected the outcome of Petitioner's trial and subsequent appeal . . ." Id. at 1207 (emphasis in original).  In Garcia v. Scully, 907 F.Supp. 700, 706 (S.D.N.Y. 1995), in a report and recommendation examining a § 2254 petition, the court noted that "[t]o establish ineffective assistance of appellate counsel for failing to present a claim of ineffective assistance of trial counsel, a petitioner must demonstrate a reasonable probability that the appellate court would have found that the performance of trial counsel itself failed the two-part Strickland test by establishing that the trial attorney unreasonably erred and that the result of the trial probably would have been different if trial counsel had provided effective assistance."  In Howard v. Gramely, 225 F.3d 784, 790 (7th Cir. 2000), in the context of an ineffective assistance of appellate counsel argument involving issues including prosecutorial misconduct, the court noted that prejudice meant "a reasonable probability that his case would have been remanded for a new trial or that the decision of the state trial court would have been otherwise modified on appeal."

12

See also Neill v. Gibson, 278 F.3d 1044, 1057 n. 5 (10th Cir. 2001) (prejudice with respect to appellate counsel requires "a reasonable probability that the omitted claim would have resulted in a reversal on appeal.").

IV.    Speedy Trial Act and "Ends of Justice" Continuances

The Speedy Trial Act at 18 U.S.C. § 3161 generally provides that trial shall commence within seventy days of the filing of an indictment, or from the date on which the defendant makes his initial appearance, whichever occurs later. See 18 U.S.C. § 3161(c)(1). However, the Speedy Trial Act also carves out exceptions to the speedy-trial clock. Notably, time is excluded from the seventy day computation, such as "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," and "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not yet run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(1)(D), (h)(6). For a pending motion, the amount of excludable time depends upon whether a hearing is held on the motion. "If there is a hearing on the motion, the period of excludable delay extends from the time the motion is filed 'through the conclusion of the hearing on, or other prompt disposition of, such motion.' 18 U.S.C. § 3161(h)(1)(D)." United States v. Smith, 569 F.3d 1209, 1211 (10th Cir. 2009). If there is no hearing on the motion, the excluded time period includes the time in which the court has the matter under advisement before ruling, but paragraph (h)(1)(H) sets a 30-day limit for that time. See id. "Whether to conduct a hearing is in the sound discretion of the district court . . . ." Id. at 1212. See also Henderson v. United States, 476 U.S. 321, 326 (1986) ("The plain terms of the statute appear to exclude all time between the filing of and the hearing on a motion whether that hearing

13

was prompt or not.").

In <u>Smith</u>, the Tenth Circuit also addressed the determination of whether a "hearing" for purposes of section 3161 has been conducted.  "If a status conference is marked by 'oral argument' and 'legal rulings,' . . . it is safe to call it a hearing."  569 F.3d at 1212 (citation omitted).  "Whether or not a hearing is really a 'hearing' need not depend on the length of the discussions between the court and the lawyers or the number of documents submitted; a hearing need only be as long, or as exhaustive, as is necessary to dispose properly of the issues presented."  <u>Id.</u>  If a motion does not <u>require</u> a hearing "an exclusion of at most thirty days" is warranted.  <u>Id.</u> at 1213.  The court in <u>Henderson</u> stated that for "'simple or routine motions' that do not require a hearing, the necessary advisement time should be considerably less than 30 days."  <u>Id.</u> at 1213 (citations omitted).  In <u>Smith</u>, the Tenth Circuit further discussed motions which might not require a hearing, or "simple or routine motions."  <u>Id.</u> at 1213.  The Tenth Circuit noted that other circuits have found that certain motions do not require hearings – such as motions for status conference which merely involve setting a date; "motions . . . seeking disclosure of extrinsic evidence and impeaching information" . . . and "'pro forma motions to compel discovery in a criminal case.'"  <u>Id.</u> (citations omitted).

While the Tenth Circuit does not seem to have decided the issue, it appears that the date upon which a motion is filed and the date upon which it is resolved are excluded from consideration under the Speedy Trial Act.  <u>United States v. Williams</u>, 511 F.3d 1044, 1051 n. 5 (10th Cir. 2007) ("Although we have not directly addressed the issue . . . We . . . assume in our calculations that the excludable period 'from the filing of the motion through the conclusion . . . of such motion' includes both the date of resolution of any pretrial motion *and* the date of

14

filing.") (emphasis in original).

Moreover, time is excluded where continuances are granted based upon a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). When the Court makes such a finding, it must also specify its reasons for making the finding, and must consider factors including:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(I), (ii), (iv). While "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted" . . . in stating its findings, "the district court need not articulate facts which are obvious and set forth in the motion for the continuance itself." United States v. Toombs, 574 F.3d 1262, 1269 (10th Cir. 2009) (citation and quotations omitted). "While the preferred practice is for the district court to make its findings on the record at the time the continuance is granted, findings made contemporaneously with the granting of the continuance may be entered on the record after the fact if done before the court rules on a defendant's motion to dismiss." Id. at 1269. The Tenth Circuit further observed that "the record, which includes the oral and written statements of both the district court and the moving party, must contain an explanation of why the mere occurrence

15

of the event identified by the party as necessitating the continuance results in the need for additional time." Id. at 1271. By contrast, a record composed of merely "short, conclusory statements lacking in detail" is not sufficient. Id.

In Toombs, the Tenth Circuit found that the district court's "ends of justices" findings with respect to two continuances were inadequate where they merely stated that discovery was recently disclosed and counsel accordingly required time to prepare for trial. Id. at 1272. The court "failed to inquire about or consider whether the respective events at issue required additional preparation." Id. Moreover, the record was devoid of any explanation as to why the newly disclosed evidence required additional time to prepare, as there was no discussion of the nature and importance of the discovery, the nature of the further investigation required, why two-month continuances were granted, and no hearings were conducted. Id. Likewise, in United States v. Larson, 627 F.3d 1198, 1206 (10th Cir. 2010), the Tenth Circuit found that the district court's findings were insufficient to warrant an ends-of-justice continuance where the court "does not so much as hint that it weighed the proper factors under the [Speedy Trial] Act" and "failed to cite the Act's ends-of-justice provision." (citation and quotations omitted). Moreover, where defense counsel indicated that he had been appointed to two capital cases requiring significant work and requested a continuance, the court's findings were insufficient where it "failed to discuss how much time defense counsel needed to prepare for trial and what preparations he had already made" and "[w]ithout this information . . . could not adequately determine whether denying the continuance would deprive defense counsel of 'the reasonable time necessary for effective preparation, taking into account *the exercise of due diligence*.'" Id. at 1207 (citation omitted) (emphasis in original). "'Simply identifying an event, and adding the

16

conclusory statement that the event requires more time for counsel to prepare, is not enough.'"
Id. (quoting Toombs, 574 F.3d at 1271-72).  By contrast, in United States v. Occhipinti, the
Tenth Circuit found the district court's findings sufficient where the prosecution indicated that
counsel was scheduled for conflicting trials and would not have adequate time to prepare and the
court specifically determined that the continuance "struck the proper balance between the ends
of justice and the best interest of the public and the defendants in a speedy trial" and indicated
that the continuance was necessary to allow the government to prepare for trial.  998 F.2d 791,
798 (10th Cir. 1993).  While "a more thorough and explicit articulation might have better
facilitated [the circuit court's] review . . . the order did list the reasons supporting the finding."
Id.  On the other hand, in United States v. Williams, 511 F.3d 1044, 1058 (10th Cir. 2007), the
Court found an ends-of-justice continuance insufficient where, although the court noted the
presence of new counsel, the court did not making findings specifically addressing the grounds
for the continuance, notably new counsel's need for time to become familiar with the case.  The
court also did not address preparation time and did not cite to the ends-of-justice provision.

"The sanction for violation of the Act is mandatory dismissal of the indictment.  18
U.S.C. § 3162(a)(2).  However, the district court retains 'broad discretion whether to dismiss the
indictment with or without prejudice.' . . . . When an indictment is dismissed without prejudice,
the prosecution may seek a new indictment within six calendar months of the date of the
dismissal, even if the period prescribed by the applicable statute of limitations has expired."
United States v. Williams, 511 F.3d 1044, 1049 (10th Cir. 2007) (citing 18 U.S.C. § 3288) (other
citations omitted).  If there is a violation of the Speedy Trial Act, in determining whether to
dismiss with or without prejudice, "the court shall consider, among others, each of the following

17

factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."  18 U.S.C. § 3162(a)(2).  "[T]he application of the more severe sanction of dismissal with prejudice . . . should be reserved for more egregious violations.'"  United States v. Abdush-Shakur, 465 F.3d 458, 462 (10th Cir. 2006) (citation omitted) (indictment was appropriately dismissed without prejudice).  In Abdush-Shakur, the Tenth Circuit noted that an "important source of delay was three continuances requested by Abdush-Shakur" and "Abdush-Shakur must . . . shoulder his share of the responsibility for the delay."  Id. at 463.

V.      Appellate Standard Applicable to Speedy Trial Act

It should be noted that in a Speedy Trial Act appeal, the Tenth Circuit reviews legal issues de novo and factual findings for clear error.  United States v. Gauruder, No. 10-4222, 461 Fed. Appx. 784, at *1 (10th Cir. Feb. 21, 2012) (unpublished) (citing to United States v. Thompson, 524 F.3d 1126, 1131 (10th Cir. 2008)).  And, the appeals court utilizes an abuse of discretion standard in reviewing a trial court's "ends of justice" continuances.  Id. (citing to United States v. Gonzales, 137 F.3d 1431, 1433 (10th Cir. 1998)).  See also Larson, 627 F.3d 1198, 1203 (10th Cir. 2010) ("We review the denial of a motion to dismiss for violation of the Speedy Trial Act for an abuse of discretion" and "review the decision to grant an ends-of-justice continuance for an abuse of discretion" and "the district court's compliance with the legal requirements of the Speedy Trial Act is reviewed de novo, and its underlying factual findings are reviewed for clear error").

18

VI.    <u>Defendant Can Show Neither Deficient Performance Nor Prejudice</u>

During oral argument, counsel abandoned the position advanced in his opening brief, conceding that the Court's continuances were all properly made under <u>Toombs</u>.  Instead, counsel advanced an argument that, irrespective of the Court's proper orders, 234 non-excludable days had elapsed.  This contention was neither briefed before the Tenth Circuit, nor is it supported by the record.  In Defendant's Petition, defendant John Gauruder continues to advance the position originally briefed and presented to the Tenth Circuit–that this Court's "ends of justice" continuances between July 22, 2009 and May 10, 2010 were insufficient under the Speedy Trial Act.

Counsel briefed the "ends of justice" argument in his opening brief.  The question before Your Honor is whether counsel's performance was deficient and even if it were, whether prejudice to the defendant resulted.  In essence, the ultimate issue the Court must decide is whether there is a reasonable probability that the Tenth Circuit would have decided otherwise, but for counsel's change of position at oral argument.  Because the position taken by counsel in his opening brief (and now, by the defendant in the instant petition) is erroneous, counsel's failure to pursue that issue during oral argument constitutes neither deficient performance nor prejudice.

The defendant appears to concede, as he must, that the time from the indictment to July 22, 2009 is properly excluded, due to a hearing on pending motions.  <u>See</u> Defendant's Petition, at 5.  This very issue was addressed by the Tenth Circuit in <u>United States v. Rulon DeYoung</u>, No. 10-4157, 414 Fed. Appx. 143, *147 (10th Cir. Feb. 23, 2011) (unpublished) (affirming Court's denial of defendant's motion to dismiss for Speedy Trial challenge based upon tolling of speedy-

19

trial clock resulting from motion filed September 23, 2008 and resolved after hearing on July 22, 2009).  The defendant then argues that, after July 22, 2009, save for 52 days between September 2, 2009 and November 17, 2009, no additional time was excluded up to the trial date of May 10, 2010.  See Exhibit to Defendant's Petition, at 5.

Since the defendant made his initial appearance on September 23, 2008, the Speedy Trial clock begins to run from that date.  As time was excluded pursuant to 18 U.S.C. § 3161(h)(1)(D) through July 22, 2009, the time was tolled to that date.  From that date, the Court granted five continuances, as follows:

| Docket No. | Date of Order | Time Excluded |
|---|---|---|
| 139 | June 26, 2009 | June 22, 2009 - October 5, 2009 |
| 205 | October 6, 2009 (filed October 7, 2009) | October 5, 2009 - October 27, 2009 |
| 224, 244 | October 22, 2009; November 9, 2009 | October 26, 2009 - January 26, 2010 |
| 316 | March 15, 2010 (filed March 16, 2010) | January 26, 2010 - April 12, 2010 |
| 339 | April 26, 2010 | April 12, 2010 - May 10, 2010 |

The government first notes that particular time periods between June 22, 2009 and the eventual trial date of May 10, 2010[8] are properly excluded due to pending motions.  However, each of the

---

[8] Jury selection was conducted on May 10, 2010 and opening statements and presentation of evidence began on May 11, 2010.

above continuances is sufficient, pursuant to 18 U.S.C. § 3161(h)(7)(A), to exclude all time between July 22, 2009 and May 10, 2010.  In each instance, the record reflects that this Court properly balanced the need for a speedy trial with the need to protect the defendant's right to counsel, and to ensure sufficient time to prepare for trial.

       A.    <u>June 22, 2009 to October 5, 2009</u>

On June 16, 2009, U.S. Magistrate Judge Wells conducted a hearing to address a motion by Jana Gauruder regarding her counsel.  At that hearing, Attorney Gorman was relieved, and after a <u>Faretta</u>[9] colloquy, Jana Gauruder was allowed to represent herself, with the understanding that standby counsel would be appointed.  Magistrate Judge Wells explained on the record that trial would be continued, based upon the new situation with Jana Gauruder's representation. U.S. Magistrate Judge Wells vacated the trial date "for the reason that there are motions outstanding and we have yet to determine whether [Jana Gauruder] would go forward and represent [herself] or other counsel will be considered."  (June 16, 2009 Tr. at 19, attached as Exhibit A).  This Court's clerk suggested a trial date of September 21st, and the government indicated that the agent was unavailable that week, and suggested the week before or the first week of October.  <u>Id.</u> at 27.  The Court set a motions filing deadline of June 26, 2009 and continued the trial to October 5, 2009.  <u>Id.</u> at 27, 29.  The Court set a further hearing to appoint standby counsel on June 19, 2009.  <u>Id.</u> at 30-31.  On June 19, 2009, Attorney Robert Breeze was appointed as standby counsel to Jana Gauruder.  <u>See</u> Crim. Doc. No. 131.  On June 24, 2009, the United States filed a motion to exclude time to October 5, 2009.  <u>See</u> Crim. Doc. No. 134.  The United States argued that given the new posture of Jana Gauruder's representation, a change

_____

    [9] <u>Faretta v. California</u>, 422 U.S. 806 (1975).

which occurred less than a week before the scheduled trial, additional time was necessary for the defendants to devise a trial strategy and to allow for effective preparation.  Moreover, a number of motions remained pending.  Id. at 5.  In addition, the United States noted that, based upon the nature of the charges and the discovery, the case may be considered complex.  Id.

By an order of this Court dated June 26, 2009, the Court found that adequate time was needed for Jana Gauruder to file motions and prepare for trial as a newly pro se litigant.  See Crim. Doc. No. 139.  Moreover, the nature of the charges and discovery illustrate that the case is complex.  Id.  Accordingly, the Court found that "the ends of justice served by the granting of such continuance [and excluding time from the calculation] outweigh the best interests of the public and the defendant in a speedy trial."  Id.   The Court, in excluding time, referred specifically to section 3161(h)(7)(A) and made pointed observations that a newly pro se defendant, under the circumstances of the complex case, required time to prepare a defense.  Id.  While a more detailed explanation of the precise time required would have been ideal, the Court, in designating the case as complex, and referring to the nature of the charges and discovery, accounted for time that would be necessary to prepare a defense in a case involving multiple defendants, voluminous evidence, and complex charges.  Id.  In stating that "[d]efendants and standby counsel need adequate time for effective preparation," (id.), the Court took into consideration the need for the defendants to coordinate a strategy among themselves.  Moreover, the Court acknowledged motions filed by the parties, and the need for their resolution prior to trial.  Id.

Note that when the continuance was granted on June 16, 2009, the Magistrate Judge did not make findings to exclude time under the Speedy Trial Act.  "[A]n 'ends of justice' exclusion

must be (1) 'specifically limited in time' and (2) 'justified [on the record] with reference to the facts *as of the time the delay is ordered.*'" United States v. Ramirez-Cortez, 213 F.3d 1149, 1154 (9th Cir. 2000) (citations omitted). In Ramirez-Cortez, the magistrate judge granted a continuance for the parties to work on a plea agreement and the record did not show any consideration of the "ends of justice" factors and the judge was granting continuances for more than one defendant at once. Id. The district court, in denying a motion to dismiss, "inferred" that the magistrate intended to make "ends of justice" findings, but as the magistrate judge "failed to make any findings, the district court faced an insurmountable hurdle in her effort to determine whether the 'delay was motivated by the proper considerations.'" Id. at 1154-55. "[T]he district court's post hoc evaluation of the considerations it believed should have motivated the Magistrate Judge does not cure the lack of simultaneous findings." Id. at 1155. Note that the district court made this attempt after the defendant moved to dismiss for violation of the Speedy Trial Act. Id. at 1153. See also United States v. Aguirre, No. 99-CR-169 B, 2000 WL 33711025, at *3 (D. Utah Jan. 31, 2000) (unpublished) (magistrate judge's order of July 28, 1999 could not exclude time from June 9, 1999 district court's order for continuance); see also United States v. Johnson, 120 F.3d 1107, 1111 (10th Cir. 1997) (quoting United States v. Doran, 882 F.2d 1511, 1516 (10th Cir. 1989)) ("Although findings may be *entered on the record* after the fact, they may not be *made* after the fact. The balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive; an order granting a continuance on that ground must be made at the outset of the excludable period . . . ."); Doran, 882 F.2d at 1516 ("if findings are entered ex poste facto, it must be clear from the record 'that [the court] did consider

23

the factors identified by the statute *when* it granted the continuance'") (citation omitted); <u>Zedner v. United States</u>, 547 U.S. 489, 506-7 (2006) ("[T]he Act is clear that the findings must be made, if only in the judge's mind, before granting the continuance (the continuance can only be 'granted . . . on the basis of [the court's] findings') . . . ."); <u>Toombs</u>, 574 F.3d at 1269 ("While the preferred practice is for the district court to make its findings on the record at the time the continuance is granted, findings made contemporaneously with the granting of the continuance may be entered on the record after the fact if done before the court rules on a defendant's motion to dismiss.").

Here, as this Court did not conduct the hearing concerning Jana Gauruder's counsel and the continuation of the trial, it was not possible for the district court to make Speedy Trial findings at the time of the continuance.  However, unlike in <u>Ramirez-Martinez</u>, there were legitimate and compelling reasons for the continuance–the defendant's changed representation status and the existence of pending motions–rather than an impermissible reason such as plea negotiations.  Looking at the context of the continuance, where this Court's scheduling clerk was present, the Court's order of June 26, 2009 should be deemed an independent order, ratifying the continuance.  Accordingly, time should be excluded from June 26, 2009 to October 5, 2009.[10]

The defendant has failed to show that the Court either made clearly erroneous factual findings or that the Court abused its discretion.

     B.    <u>October 5, 2009 to October 27, 2009</u>

On September 8, 2009, defendant John Gauruder filed a motion for a continuance in

_____

[10] Note that time from June 24, 2009 is extended due to the government's filing of a motion for exclusion of Speedy Trial time.  As discussed below, pending motions also tolled considerable time during this period.

which he claimed that he was filing a challenge to the jurisdiction of this Court.  <u>See</u> Crim. Doc. No. 176.  Defendant Jana Gauruder, still then joined for trial, filed an identical motion at Crim. Doc. No. 177.  On September 11, 2009, this Court heard argument on the motion to continue. John Gauruder stated, "[a]t this time, I am not prepared to go forward to tr[ia]l.  There are some issues of jurisdiction before the Court, and in the situation I'm in, my time is so limited, and I have to dig up case law and those things to get my motion, you know, prepared and forward . . . ."  (Sept. 11, 2009 Tr. at 4, attached as Exhibit B).  The government objected to defendant John Gauruder's request for a continuance, and the Court denied it.

Days later, on September 21, 2009, defendant John Gauruder, then <u>pro</u> <u>se</u>, filed an additional motion to continue trial, based upon his retention of Attorney Mustafa Derkunt.  <u>See</u> Crim. Doc. No. 191.  This Court conducted a hearing on September 25, 2009, during which the Court continued the trial to October 27, 2009, after granting defendant John Gauruder's request for the admission of a pro hac vice attorney.  Attorney Derkunt, who appeared by telephone, indicated that the defendant was having an expert look at the evidence and obtain an opinion, and wanted time to discuss the case with the government.  (Sept. 25, 2009 Tr. at 5, attached as Exhibit C).  Attorney Derkunt also indicated the need for time for trial preparation.  <u>Id.</u> at 6.  The Court noted that defendant John Gauruder was exercising his constitutional right to representation by counsel and the Court was "required to allow counsel sufficient time to be adequately prepared" and the trial would be continued.  <u>Id.</u> at 6-7.  The Court then inquired of counsel as to whether a few weeks time, or October 26th, would allow sufficient time to prepare. Due to a conflict with government counsel, the Court set the date for October 27, 2009.  <u>Id.</u> at 7-8.  On October 7, 2009, the Court entered an order finding that "for good cause shown,

specifically the complex nature of the case and the need for Defendant John Gauruder's counsel to have the opportunity to prepare for trial and to develop a defense strategy, which would implicate the need for additional time to prepare," the matter was continued.  See Crim. Doc. No. 205.  The Court further found that "failure to grant such a continuance would have unreasonably denied counsel for Defendant John Gauruder the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  Id.  The Court further found that "the ends of justice served by the granting of such continuance . . . outweigh the best interests of the public and the defendant in a speedy trial" and cited specifically to 18 U.S.C. § 3161(h)(7)(A).  Id.  The Court, in granting the short continuance, conducted a hearing, inquiring of new counsel's need for preparation.  The Court made adequate inquiry and findings concerning the need for further time and accurately observed that to force counsel to proceed to trial in less than two weeks would have effectively denied the defendant the right to effective trial counsel.

C.     October 26, 2009 to January 26, 2010

During a hearing conducted by this Court on October 16, 2009, Attorney Derkunt made an oral motion to continue the trial.  While the Court denied the motion, it explained that Attorney Derkunt could file a written motion to continue.  In an order dated October 19, 2009, the Court allowed Attorney Derkunt to file a written motion to continue trial, setting forth the reasons why a continuance is necessary.  See Crim. Doc. No. 209.  On October 21, 2009, Attorney Derkunt filed a motion to continue the trial, setting forth a number of reasons for the continuance including: (1) counsel's busy litigation schedule on other cases and the need to "examine evidence, prepare pretrial motions, identify and interview witnesses, identify defense

exhibits, and prepare for trial," (2) the intention to use a fraud examiner and forensic accountant as an expert witness, and the expectation the expert would examine discovery, identify IRS records, and identify evidence not provided in discovery; (3) the need for examination of "a substantial volume of IRS transcripts, which are highly coded and not immediately decipherable to lay people or to a jury"; (4) the need for communication concerning discovery the defense believes was not provided; and (5) given the volume of evidence, 45 days was necessary for the expert to review the evidence and submit a report of her findings; and (6) scheduling conflicts concerning the expert witness.  See Crim. Doc. No. 217.  Moreover, counsel represented that the expert was "essential to this defense counsel in understanding the discovery evidence in this case and preparing for trial."  Id.  Defense counsel requested a trial date in December, but also identified 45 days as necessary for the expert to submit a report.  Under Fed. R. Crim. P. 16(b)(1)(C) (in conjunction with DUCrimR 16-1(c)), the defendant was obligated to submit such a report to the government prior to trial.  Under the local rule, the report would need to be submitted to the government fourteen days prior to trial.  On October 21, 2009, the defendant also filed a motion for supplemental discovery.  See Crim. Doc. No. 218.  The government opposed the defendant's request for a continuance.  See Crim. Doc. No. 221.

On October 22, 2009, over the government's objection, this Court granted defendant John Gauruder's motion for a continuance.  See Crim. Doc. No. 224.  In its ruling, the Court noted that "an additional delay will further inconvenience the government and its witnesses," but "an additional continuance is necessary."  Id.  The Court further noted that "[t]his case is complex and the documents are substantial" and some of the documents contain IRS code which requires deciphering.  Id.  This Court noted that the defendant claimed the expert he had retained would

27

provide assistance in interpreting the documents.  Id.  Also, the Court noted that there appeared

to be an issue with respect to the substantiality of the tax, "which Gauruder's expert appears

qualified to address."  Id.  As substantiality of the tax loss is an element, "this is a material

issue."  Id.  The Court acknowledged that without a continuance, the defendant would

"effectively be denied the use of an expert at trial."  Id.  The Court found that "to hold to the

present trial schedule likely would result in a miscarriage of justice because it would deny

Gauruder the right to fully set forth his defense" and "the ends of justice served by continuing

the trial outweigh the best interest of the public and the defendant in a speedy trial."  These

factors were appropriate to consider pursuant to 18 U.S.C. § 3161(h)(7)(B).  The defendant has

failed to show how any of the Court's factual findings were clearly erroneous, or that the

granting of the continuance was an abuse of discretion.[11]

   D. <u>January 26, 2010 to April 12, 2010</u>

  On December 2, 2009, defendant John Gauruder filed a motion for withdrawal of

counsel, as Attorney Derkunt had been suspended from the practice of law by the Texas State

Bar.  See Order at Crim. Doc. No. 263.  By an order entered December 2, 2009, Attorney

Derkunt was allowed to withdraw.  See id.  On December 11, 2009, this Court conducted a status

conference in order to address the issue of counsel.  At this hearing, defendant John Gauruder

indicated that he had spoken to a particular attorney about a possible appointment under the

Criminal Justice Act.  The Court referred the matter to a magistrate to determine the issue of

---

[11] The Court entered its order on October 22, 2009 and the Court also entered a
supplemental order on November 9, 2009, affirming its previous determination, although
referring to the exclusion dates as October 27, 2009 to January 26, 2010, rather than October 26,
2009 to January 26, 2010.  See Crim. Doc. No. 244.

counsel, and noted "we obviously have a trial date set for January 26th which is a problem.  It is going to be hard for new counsel, given the complexity of this case, to come in and be prepared to adequately represent you."  (Dec. 11, 2009 Tr. at 6, attached as Exhibit D).  U.S. Magistrate Judge Brooke Wells then conducted a status conference on December 15, 2009.  The attorney proposed by defendant John Gauruder was not appointed, as he was not on the CJA panel and had not reached a retention agreement with the defendant.  The defendant indicated that he would accept representation by previously appointed CJA counsel, Attorney James Garrett.  U.S. Magistrate Judge Wells conducted a further hearing on December 17, 2009, during which Attorney Garrett was appointed.  U.S. Magistrate Judge Wells indicated that the magistrate had been in touch with this Court's chambers "and I think it was agreed that the trial in this case would have to be continued."  (Dec. 17, 2009 Tr. at 4, attached at Exhibit E).  Magistrate Judge Wells proposed three dates to Attorney Garrett and counsel for the United States, which had been obtained from this Court's chambers:  March 8, April 12, and May 17.  Id.  While congestion of the Court's calendar is not grounds for exclusion of time under the Speedy Trial Act (see 18 U.S.C. § 3161(h)(7)(C)), the time granted was necessary particularly given this Court's reference to the "complexity" of the case.  Counsel for the United States requested the first date, while Attorney Garrett requested April 12th.  Id.  The trial was continued to April 12, 2010.  Attorney Garrett indicated that he was contemplating the filing of a motion to sever, and requested until January 7th to make such a motion.  Id. at 6-7.

By a written Order entered March 16, 2010, the Court excluded time between January 26, 2010 and April 12, 2010 and noted "the complex nature of the case, the voluminous discovery, and the need for Defendant John Gauruder's newly appointed counsel to have the opportunity to

adequately prepare for trial" and the fact that one month was insufficient to allow newly appointed counsel to prepare for trial.  <u>See</u> Crim. Doc. No. 316.  While a more thorough explanation of the precise amount of time necessary for preparation would have been preferable, the Court found that "[t]he failure to grant such a continuance would have unreasonably denied counsel for Defendant John Gauruder the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  <u>Id.</u>  The Court specifically found that "the ends of justice served by the granting of such continuance . . . outweigh the best interests of the public and the defendant in a speedy trial" and cited to 18 U.S.C. § 3161(h)(7)(A).  <u>Id.</u>  While this written finding was not made contemporaneously with the granting of the continuance, based upon the record, this order appears to illustrate factual findings previously made by the Court.  While the Magistrate Judge who conducted the hearing on December 17, 2009 did not make findings under the Speedy Trial Act, the Court had previously discussed with defendant John Gauruder the need to move the trial based upon the need for newly appointed counsel to prepare.  As the Tenth Circuit stated in <u>Toombs</u>, "[w]hile the preferred practice is for the district court to make its findings on the record at the time the continuance is granted, findings made contemporaneously with the granting of the continuance may be entered on the record after the fact if done before the court rules on a defendant's motion to dismiss."  574 F.3d at 1269.  Here, the Court was directly involved in the granting of the continuance, as the Court referred the case to the magistrate, after making its own discussion of the case's "complexity" and need for a continuance.  This is further illustrated by the fact the magistrate received potential trial dates from this Court's chambers.  The Court's Order of March 16, 2010 merely ratifies the continuance entered by the magistrate.  As with the previous "ends of justice" continuances, the

defendant has failed to show that the Court made clearly erroneous factual findings or abused its discretion in granting the continuance. Moreover, as discussed below, pending motions also tolled most of the time during this period.

       E.     <u>April 12, 2010 to May 10, 2010</u>

On March 23, 2010, defendant John Gauruder again moved to continue the trial then set for April 12, 2010. <u>See</u> Crim. Doc. No. 323. The grounds therefore were that on March 17, 2010, the United States provided additional discovery in electronic format which was of poor quality. <u>Id.</u> Counsel represented that there were approximately 3,000 pages of information, which could not easily be sorted or searched. Moreover, counsel noted that his "work load has been increased due to some unfortunate and unforeseen circumstances." <u>Id.</u> Counsel requested a continuance of 30 days in order to adequately prepare for trial. <u>Id.</u> The government objected to this motion. <u>See</u> Crim. Doc. No. 325. This Court conducted a hearing on this motion on March 29, 2010, and continued the trial to May 10, 2010. During that hearing, the Court noted that given the late production of documents, "unless the United States can narrow the number of documents that are going to be used so that the defense can be prepared, I may be required to continue it." (Mar. 29, 2010 Tr. at 7, attached as Exhibit F). While the government offered to identify a limited subset of documents (<u>id.</u> at 8), Attorney Garrett set forth a theory that there was a potential for exculpatory material to be contained within the documents, notably evidence that defendant John Gauruder was attempting to negotiate his tax debt in good faith, relying upon the assistance of others. (Exhibit F, at 15). Attorney Garrett requested 30 days to review the documents, and the Court granted an extension to May 10, 2010. (Exhibit F, at 17).

On April 26, 2010, the Court entered an Order excluding time under the Speedy Trial

Act, noting "the complex nature of the case, the voluminous discovery, and the need for Defendants John Gauruder and Rulon DeYoung to review newly provided discovery and to adequately prepare[] for trial." See Crim. Doc. No. 339. The Court further found that not granting the continuance "would have unreasonably denied counsel for Defendant John Gauruder and pro se defendant Rulon DeYoung the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. The Court made an "ends of justice" finding, specifically referencing 18 U.S.C. § 3161(h)(7)(A). Having conducted an extensive hearing and considering the stated need of counsel for additional time to explore and develop a defense, the Court's decision was in accord with Tenth Circuit case-law. The defendant has failed to show how the Court clearly erred or abused its discretion.

It should be noted that, on May 4, 2010, defendant John Gauruder filed yet another request for a continuance, requesting that the trial be moved from May 10, 2010. See Crim. Doc. No. 358. This Court denied that motion. See Crim. Doc. No. 367.

F.   **The Defendant has Failed to Show Deficient Performance or Prejudice as to Counsel's Failure to Argue Insufficiency of the "Ends of Justice" Continuances.**

In order to prevail, the defendant must first show that appellate counsel's performance was deficient in failing to pursue a meritorious claim. Secondly, he would need to show that the performance prejudiced him–that is, a reasonable probability that but for appellate counsel's errors, the Tenth Circuit would have ruled in his favor. With each of the above continuances, this Court made factual findings, none of which the defendant has shown were clearly erroneous. Accordingly, he cannot show that counsel's failure to raise issues concerning the factual findings constituted either deficient performance or prejudice, when there is nothing to suggest that the

32

Tenth Circuit would have determined that the Court's factual findings were clearly erroneous. Moreover, the defendant cannot show a reasonable probability that but for counsel's performance, the Tenth Circuit would have found that this Court abused its discretion in granting the "ends of justice" continuances.  Even if the Tenth Circuit <u>had</u> found that the Court abused its discretion in granting a particular continuance, the defendant has failed to show that over 70 non-excludable days elapsed between September 23, 2008 and the date of his trial.  It is the defendant's duty to "<u>affirmatively show</u>" that his counsel's performance was deficient and that prejudice resulted.  <u>Scoggin v. Kaiser</u>, 186 F.3d at 1206 (emphasis added).  Based upon the conclusory assertions contained in Defendant's Petition, the defendant has failed to make any such showing.

The Court should also note that even if the defendant had been successful on appeal, undoubtedly, a Speedy Trial Act violation would have resulted in a dismissal without prejudice, and the defendant would have been re-indicted, re-tried, and convicted.  <u>See</u> Crim. Doc. No. 360 at 2 (in its Order, this Court stated, "even if the speedy trial act had been violated, dismissal in this case would have been *without prejudice* because the delays largely were the result of actions taken by the defendants and not the government.").  At least some courts have stated that where trial counsel fails to move, prior to trial, to dismiss an indictment for a Speedy Trial Act violation, a defendant may not be able to show prejudice if the indictment would have been dismissed without prejudice.  <u>See</u> <u>United States v. Rushin</u>, 642 F.3d 1299, 1309-10, n. 12 (10th Cir. 2011) (although disposing of ineffective assistance claim on section 2255 petition on performance prong, noting that "[i]n no meaningful sense has Defendant established a reasonable probability that the result or outcome of the 'proceeding' to which he was subjected would have

33

differed if the indictment on which he stands convicted had been dismissed without prejudice. Rather, in all likelihood, the Government would have reindicted Defendant, placing him in the same posture as before the dismissal" and noting that "[a]t least four of our sister circuits have held that where an indictment would have been dismissed without prejudice, a defendant could not show prejudice based upon trial counsel's failure to seek dismissal under the STA."); United States v. Cook, 48 F.Supp.2d 776, 777 (N.D. Ill. 1999) (section 2255 petitioner could not show "a reasonable probability that, but for his counsel's alleged error" in not moving to dismiss for an alleged Speedy Trial Act violation, the result would have been different, where petitioner "offers nothing to indicate his indictment would have been dismissed with prejudice, especially given the factors to be considered in making that determination"); Milligan v. United States, 213 Fed. Appx. 964, at *965 (11th Cir. Jan. 17, 2007) (unpublished) (section 2255 petitioner failed to establish that trial counsel's failure to file a motion to dismiss based upon Speedy Trial Act caused prejudice where "district court would have likely dismissed the charges without prejudice, and the case would have been refiled.").  As each of the above cases concern whether, prior to trial, counsel may render ineffective assistance by failing to move for a dismissal, the posture is different from that in this case, where an order of the Appeals Court would necessitate a new trial (where the trial's result is known).  Accordingly, the government requests that the Court consider the merits of the issues, as explicated herein.

VII.    Time Excluded Between July 22, 2009 and May 10, 2010, on Other Grounds

        Notwithstanding the five "ends of justice" continuances, time would have been excluded from computation under the Speedy Trial Act due to pending motions.  The defendant takes the erroneous position that, after July 22, 2009, there were pending motions only between September

2, 2009 and November 17.  <u>See</u> Exhibit to Defendant's Petition.  This proposition is completely false.

The record reflects that on June 3, 2009, the government filed a sealed motion in limine concerning the use of grand jury testimony.  (<u>See</u> Crim. Doc. No. 117; as documented in Crim. Doc. No. 355 chart).  The Court attempted to address that motion during a hearing conducted on September 11, 2009, but noted that the highlighted portions did not appear on the electronic filing.  Accordingly, the Court indicated that it would deal with objections at a later point. (Exhibit B, at 13).  The docket indicates, at minute entry no. 340, that at a pretrial conference conducted on April 26, 2010, motions dealing with the grand jury transcript were terminated.  As the government previously argued in Crim. Doc. No. 355 at 11, the United States assumes that the motion was taken under advisement on September 11, 2009, the date on which the Court last indicated the need for additional documentation to resolve the motion.  The subsequent 30 days, to October 11, 2009, are excluded by operation of section 3161(h)(1)(H).

On September 2, 2009, a number of motions were filed by standby counsel on behalf of defendant Jana Gauruder, including a motion to continue trial (Crim. Doc. No. 160), a motion to dismiss (Crim. Doc. No. 161), a motion in limine re religion (Crim. Doc. No. 162), a motion in limine re expert testimony (Crim. Doc. No. 163), and a request for discovery (Crim. Doc. No. 164).  At that point, Jana Gauruder was still joined for trial, and those motions tolled the speedy-trial clock until her case was severed on September 10, 2009.  Time is excluded pursuant to 18 U.S.C. § 3161(h)(1)(D) and (h)(6).  On September 8, 2009 John Gauruder also filed a motion to continue trial (Crim. Doc. No. 177), which was denied on September 11, 2009.  Time is excluded pursuant to 18 U.S.C. § 3161(h)(1)(D).  On September 18, 2009, the United States filed

a motion for reconsideration of the Court's severance order.  See Crim. Doc. No. 188.  That

motion was scheduled to be addressed on September 25, 2009, but the transcript of the

September 25, 2009 hearing (attached as Exhibit C) does not appear to contain discussion of that

motion.  However, that motion was clearly denied at some point.[12]  On September 21, 2009, John

Gauruder filed a motion to continue based upon the retention of Mustafa Derkunt (Crim. Doc.

No. 191), which was resolved on September 25, 2009, at a hearing whereby Crim. Doc. No. 199,

which was filed by defendant Rulon Deyoung on September 24, 2009, was also resolved.

Accordingly, time between September 18, 2009 and September 25, 2009 is excluded pursuant to

18 U.S.C. § 3161(h)(1)(D).

On October 2, 2009, the government moved for exclusion of time under the Speedy Trial

Act, at Crim. Doc. No. 204, which the Court resolved on October 7, 2009, and time should be

excluded.  On October 16, 2009, defendant John Gauruder filed a motion to dismiss the

indictment (Doc. No. 211).  The record reflects that during a hearing on January 6, 2010, the

Court asked counsel for John Gauruder whether the motion to dismiss the indictment should be

set for a hearing.  (Jan. 6, 2010 Tr. at 10).  It does not appear that defendant John Gauruder made

any response to this order, effectively withdrawing the motion.  Because this motion was

addressed at the January 6, 2010 hearing, time may be excluded pursuant to 18 U.S.C.

§ 3161(h)(1)(D), to January 6, 2010.  In the alternative, if the January 6, 2010 hearing is not

deemed to be a hearing on this motion, as there was some uncertainty as to whether the motion

_____

[12] In fact, at a hearing conducted on January 6, 2010, the Court inquired as to whether the motion at Crim. Doc. No. 188 had been ruled upon.  Counsel for the United States indicated his belief that it had been ruled on orally at some point, and the Court agreed.  (Jan. 6, 2010 Tr. at 3-4, attached as Exhibit G).

had already been decided, then 30 days should be excluded, up to November 15, 2009.

On November 6, the United States filed a Motion for Joinder as to Rulon DeYoung, John Gauruder and Jana Gauruder (Crim. Doc. No. 242), which the Court denied on November 19, 2009 (Crim. Doc. No. 254), and time should therefore be excluded pursuant to 18 U.S.C. § 3161(h)(1)(D), up to and including November 19, 2009.

On November 25, 2009, defendant DeYoung filed a document titled Objection to Magistrate Ruling, in which he sought a review of his detention. See Crim. Doc. No. 256. The United States responded on December 4, 2009 (Crim. Doc. No. 264) and the Court held a hearing on December 18, 2009, whereby DeYoung was released. While the minute entry does not reference DeYoung's motion, it was clearly resolved at the hearing. Accordingly, time between November 25, 2009 and December 18, 2009 is excluded pursuant to 18 U.S.C. § 3161(h)(1)(D) and (h)(6).

On December 31, 2009, John Gauruder filed a motion to sever. See Crim. Doc. No. 285. During a hearing conducted January 6, 2010, after some discussion concerning the severance motion, the Court set a hearing for February 4, 2010. (Exhibit G, at 7). The February 4, 2010 hearing was rescheduled for February 11, 2010. The defendant filed a supplemental memorandum on February 10, 2010. See Crim. Doc. No. 293. According to the minute entry at Crim. Doc. No. 294, during the February 11, 2010 hearing, the Court heard argument and denied the defendant's motion. The time between December 31, 2009 and February 11, 2010 was thereby excluded pursuant to 18 U.S.C. § 3161(h)(1)(D).

Also, on March 19, 2010, Rulon DeYoung filed a Notice of "No Proof Given for Authenticating the U.S.D.C. Court/Judge . . ." (Crim. Doc. No. 321), challenging the Court's

jurisdiction.  On March 23, 2010, defendant John Gauruder moved to continue the trial.  <u>See</u> Crim. Doc. No. 323.  Both motions were addressed at a hearing conducted on March 29, 2010, and both were resolved at that time.  Accordingly, the time between March 19, 2010 and March 29, 2010 is excluded from the speedy trial computations pursuant to 18 U.S.C. § 3161(h)(1)(D).[13]

On April 23, 2010, the United States filed a motion seeking to exclude the defendant's proposed expert testimony.  <u>See</u> Crim. Doc. No. 335.  According to the minute entry at Crim. Doc. No. 340, during a hearing on April 26, 2010, the Court indicated that it would conduct a <u>Daubert</u> hearing on May 7, 2010.  The government supplemented its motion re the expert on May 9, 2010.  <u>See</u> Crim. Doc. No. 378.  The Court ruled on the government's motion after the <u>Daubert</u> hearing conducted on May 10, 2010.  (<u>Daubert</u> Hearing Tr. at 98 - 101, excerpts attached as Exhibit H).  Accordingly time between April 23, 2010 and May 10, 2010, should be excluded.  Note also that additional motions were filed during that time period, including a motion to dismiss on Speedy Trial grounds (Crim. Doc. Nos. 338, 344, 348); a motion in limine regarding John Gauruder's statement (Crim. Doc. No. 372); and a motion in limine to exclude testimony about liens (Crim. Doc. No. 379).[14]

Accordingly, even if the defendant could show that his counsel was ineffective in failing to argue to the Tenth Circuit that the Court abused its discretion in granting one or more of the

---

[13] Note also that on March 15, 2010, the government filed a motion to exclude Speedy Trial time (Crim. Doc. No. 315), which the Court resolved on March 16, 2010 (Crim. Doc. No. 316), excluding two additional days.

[14] The defendant's motion to exclude testimony, at Crim. Doc. No. 379, was addressed after the <u>Daubert</u> hearing conducted on May 10, 2010, although the Court reserved ruling on the issue.  (<u>Daubert</u> Hearing Tr., at 107, excerpt at Exhibit H).

"ends of justice" continuances, much of the time was excluded due to pending motions. For example, one of the longest "ends of justice" continuances was from January 26, 2010 to April 12, 2010. Even if the defendant could show that this continuance constituted an exercise of an abuse of discretion by this Court, which he has not, time is excluded on other grounds between January 26, 2010 and February 11, 2010, and also between March 19, 2010 and March 29, 2010. Seventy days did not elapse in that period; rather, at most fifty non-excludable days passed during this period. Another "ends of justice" continuance moved the trial from June 22, 2009 to October 5, 2009, most of which time was excluded due to pending motions. All time to July 22, 2009 was excluded due to pending motions, as was all time through October 11, 2009. Even if time was excluded on the grand jury transcript motion until only September 11, 2009, time was otherwise excluded between September 18, 2009 and September 25, 2009 and between October 2, 2009 and October 7, 2009. Even the defendant had shown that <u>both</u> of these "ends of justice" continuances were made in error, which he has not, sufficient time was excluded due to pending motions, and no Speedy Trial Act violation occurred. As the defendant has failed to show how any of the "ends of justice" continuances were improper and that the time was not otherwise excludable, Defendant's Petition must be denied.

VIII.   <u>No Need for Evidentiary Hearing</u>

In his petition, the defendant requests that an evidentiary hearing be conducted. However, a hearing is neither necessary nor appropriate in this case. "A petitioner for habeas relief is entitled to an evidentiary hearing on a § 2255 motion '[u]nless the motion and the files and records of the case conclusively show that [he] is entitled to no relief.' 28 U.S.C. § 2255(b)." <u>United States v. Gallegos</u>, 459 Fed. Appx. 714, *716 (10th Cir. Feb. 2, 2012) (unpublished). The

purpose of the hearing is to resolve evidentiary issues.  "A § 2255 petitioner is entitled to an evidentiary hearing when there is a disputed factual issue."  Id. at 716-17.

Here, the contentions made by the defendant are cognizable from the record; it is not clear what further evidence could be taken to advance the defendant's position.  Moreover, the Defendant's Petition fails to articulate any conceivable purpose for such a hearing except to "hear testimony . . . [to] reveal why appellate counsel made such an erroneous concession to the panel during oral argument."  Defendant's Petition, at 9.  As counsel's reasoning is not relevant to this inquiry, the Court should rely upon the record.

IX.   Conclusion

For the reasons set forth above, the Defendant's Petition should be denied without an evidentiary hearing.

DATED this 3rd day of December 2012.

DAVID B. BARLOW
United States Attorney


_____/s/ Jennifer R. Laraia_____
Jennifer R. Laraia
Special Assistant United States Attorney

CERTIFICATE OF SERVICE

I certify that on the 3rd day of December 2012, I am causing to be sent, via regular mail,

a copy of the foregoing to the following:

       John Gauruder (15760-081)
       Tucson FCI
       Federal Correctional Institution
       Inmate Mail/Parcels
       P.O. Box 23811
       Tucson, AZ 85734

                                 */s/ Jennifer R. Laraia*
                                  Jennifer R. Laraia